**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: GE/CBPS DATA BREACH LITIGATION | Case No. 1:20-cv-02903-KPF |

## SETTLEMENT AGREEMENT

This Settlement Agreement, August 12, 2022, is made and entered into by and among the following Settling Parties (as defined below): (i) Steven Fowler ("Plaintiff" or "Class Representative"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel of record Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, and Gibbs Law Group LLP ("Plaintiff's Counsel"); and (ii) Canon Business Process Services, Inc. ("Canon") and General Electric Company ("GE," and collectively with Canon, "Defendants"), by and through their counsel of record, Arnold & Porter Kaye Scholer LLP.  The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

GE contracts with Canon to process certain benefits-related information of current and former GE employees and their beneficiaries.  (Compl. ¶ 41).  In February of 2020, cybercriminals used a phishing scheme to gain access to benefits-related information of certain current and former GE employees that Canon had maintained in a dedicated Canon email box (the "Canon Email Box") (the "Data Incident," as defined more fully below).  (Compl. ¶¶ 43, 44).

Upon discovery of the Data Incident, Canon investigated and identified the individuals whose information was contained in the Canon Email Box at the time of the Data Incident.

GE subsequently sent notification letters to the individuals whose information was in the Canon Email Box at the time of the Data Incident (Compl. ¶ 21) and also notified the relevant state authorities, as required.  GE's notification stated that the type of information in the Canon Email Box, which was contained in documents such as direct deposit forms, driver's licenses, passports, birth certificates, marriage certificates, death certificates, medical child support orders, tax withholding forms, beneficiary designation forms and applications for benefits such as retirement, severance and death benefits and related forms and documents, may have included names, addresses, Social Security numbers, driver's license numbers, bank account numbers, passport numbers, dates of birth, and other information.  (Compl. ¶ 1).  Notified individuals were offered free identity monitoring theft protection for two years at no personal cost.  (Compl. ¶ 66).

Plaintiff filed the original proposed class action complaint on April 8, 2020 (Dkt. #1), against Defendants Canon and GE (the "Litigation").  On April 22, 2020, the Court accepted as a related case *Baz v. General Electric Co., et al.*, No. 20 Civ. 3149, brought by another former GE employee, Maher Baz ("Baz"), and represented by Levi & Korsinsky, LLP.[1]  (Dkt. # 10). Plaintiff Fowler and Baz filed the operative Consolidated Class Action Complaint on August 11, 2020.  (Dkt. # 40).  On December 14, 2020, following Defendants' filing of a motion to compel arbitration with respect to Baz, Baz filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Dkt. # 53-54).  Plaintiff Fowler remained as the only named

---

[1] Joyce Mercadal, represented by Bursor & Fisher, P.A., filed a class action lawsuit against Defendants in the Eastern District of California on April 2, 2020; that action was voluntarily dismissed on June 12, 2020.  (Dkt. # 1, 11, 2:20-cv-00695-JAM-DB (E.D. Cal.)).

plaintiff and proposed class representative on behalf of the proposed classes in the Consolidated Class Action Complaint.  (*Id.*).

The causes of action in the Consolidated Class Action Complaint included claims for: (1) negligence; (2) negligence *per se*; (3) breach of express contract; (4) breach of implied contract; (5) violation of the Florida Deceptive and Unfair Trade Practices Act; (6) violation of the New York General Business Law § 349; and (7) breach of fiduciary duty.  (Dkt. # 40).  Defendants filed a motion to dismiss the Consolidated Class Action Complaint for lack of subject matter jurisdiction and for failure to state a claim, which Fowler opposed.  (Dkt. # 58).  The Court granted the motion to dismiss as to Plaintiff's claims for negligence *per se*, breach of express contract, violation of New York General Business Law § 349, and breach of fiduciary duty, but denied the motion to dismiss as to Plaintiff's claims for negligence and breach of implied contract.  (Dkt. #72).[2]

On December 20, 2021, the parties participated in a mediation before Bennett G. Picker. The parties were unable to reach a resolution at the mediation but continued to engage in settlement discussions thereafter, with the assistance of Mr. Picker.  After several additional rounds of settlement negotiations through the mediator, including the sharing of certain information to allow Plaintiff and his lawyers to meaningfully reach an agreement in the case, the parties reached an agreement in principle on all material terms of the class settlement.  (Dkt. # 81).  This Settlement Agreement is the result of that mediation process.

Pursuant to the terms set forth below, this Settlement Agreement provides for the resolution of all claims and causes of action that have been asserted, or that could have been

---

[2] The Consolidated Class Action Complaint also alleged a violation of the Florida Deceptive and Unfair Trade Practices Act, on behalf of Baz and a proposed class of Florida residents.  (Compl. ¶¶ 126-137).  This claim was dismissed with Baz's voluntary dismissal of his claims.  (Dkt. #54).

asserted, against Defendants and the Released Entities (defined below) relating to the Data

Incident (defined below), by and on behalf of the Class Representative and Settlement Class

Members (as defined below), and any other such actions by and on behalf of any other

employees, former employees, and putative classes originating, or that may originate, in

jurisdictions in the United States of America against Defendants and the Released Entities

relating to the Data Incident.

## II.    CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLING

Plaintiff believes that the claims asserted in the Litigation, as set forth in the Consolidated

Class Action Complaint, have merit.  Plaintiff and Plaintiff's Counsel recognize and

acknowledge, however, the expense and length of continued proceedings necessary to proceed

with the Litigation against Defendants through discovery, motion practice, trial, and potential

appeals.  Plaintiff and Plaintiff's Counsel have also taken into account the uncertain outcome

and risk of continued litigation, as well as the difficulties and delays inherent in such litigation,

including, but not limited to, the individualized allegations of impact and injury and the

existence of arbitration agreements with class action waivers that apply to an undetermined

number of potential class members.  Plaintiff's Counsel are experienced in class action litigation

and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in

such litigation and in this Litigation.  They have determined that the settlement set forth in this

Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the

Settlement Class.

## III.   DENIAL OF WRONGDOING AND LIABILITY

Canon and GE deny any and all of the claims, causes of action, and contentions alleged

against them, individually and collectively, in the Litigation.  Canon and GE deny all charges of

wrongdoing or liability as alleged, or that could be alleged, in the Litigation.  Canon and GE

likewise deny all charges of damages as alleged, or that could be alleged, in the Litigation. Nonetheless, Defendants recognize the expense and protracted nature of litigations such as this one and the uncertainty and risks inherent in any litigation, and have therefore concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by Plaintiff, individually, and on behalf of the Settlement Class, and Defendants that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement as follows:

1.   **Definitions**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     "Agreement" or "Settlement Agreement" means this agreement.

1.2     "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator (as defined below).

1.3     "Claims Administrator" means RG/2 Claims Administration LLC, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data security litigation.

1.4     "Claims Deadline" means the postmark and/or online submission deadline for Valid Claims (as defined below) pursuant to ¶ 2.4.

5

1.5     "Claim Form" means the form utilized by the Settlement Class Members to submit a Settlement Claim (both defined below) for reimbursement.  The Claim Form will be substantially in a form as shown in Exhibit A, which will be available on the Settlement Website (as defined below) and in paper format, if specifically requested by Settlement Class Members. The Claim Form may be submitted online via the Settlement Website or by mail.

1.6     "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.7     "Court" means the United States District Court for the Southern District of New York.

1.8     "Data Incident" means the unauthorized access to the Canon Email Box on or about February 3, 2020.

1.9     "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.10     "Effective Date" means the first day by which all of the events and conditions specified in ¶ 1.11 have occurred and been met.

1.11     "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review.  Notwithstanding the above, any appeal of an order governing the attorneys' fees award or the incentive award, or any order modifying or reversing any attorneys' fee award or

incentive award made in this case shall not affect whether the Judgment is "Final" as defined

herein or any other aspect of the Judgment.

1.12    "Judgment" means a judgment rendered by the Court, in the form attached

hereto as Exhibit B, or a judgment substantially similar to such form.

1.13    "Long Notice" means the long form notice of settlement posted on the

Settlement Website, substantially in the form shown in Exhibit C.

1.14    "Objection Date" means the date by which Settlement Class Members

must mail their written objection to the Settlement for that objection to be effective.  The

postmark date shall constitute evidence of the date of mailing for these purposes.

1.15    "Opt-Out Date" means the date by which Settlement Class Members must

mail their requests to be excluded from the Settlement Class for that request to be effective.  The

postmark date shall constitute evidence of the date of mailing for these purposes.

1.16    "Person" means an individual, corporation, partnership, limited

partnership, limited liability company or partnership, association, joint stock company, estate,

legal representative, trust, unincorporated association, government or any political subdivision or

agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors,

successors, representatives, or assignees.

1.17    "PII" means names, addresses, dates of birth, Social Security Numbers,

and other personal identifying information.

1.18    "Preliminary Approval Order" means the order from the Court

preliminarily approving the Settlement Agreement and ordering that notice be provided to the

Settlement Class.  The Settling Parties' proposed form of Preliminary Approval Order is attached

hereto as Exhibit D.

1.19    "Proposed Settlement Class Counsel" and/or "Class Counsel" means the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., and Gibbs Law Group LLP.

1.20    "Related Entities" means each of the Defendants' respective predecessors, successors, parents, subsidiaries, affiliates, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity of the Data Incident or who pleads *nolo contendere* to any such charge.

1.21    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any individual or class-wide causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including, but not limited to, 15 U.S.C. §§ 45, *et seq.*, and all similar statutes in effect in any states in the United States; negligence; negligence *per se*; breach of contract; breach of implied contract; violation of the Florida Deceptive and Unfair Trade Practices Act; violation of the New York General Business Law § 349 and all similar state consumer protection statutes; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligence, or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring

services, the creation of a fund for future damages, statutory damages, punitive damages, special

damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known

or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or

derivative, and any other form of legal or equitable relief that either has been asserted, was

asserted, or could have been asserted, by any Settlement Class Member against any of the

Released Entities based on, relating to, concerning or arising out of the Data Incident or the

allegations arising out of the same nucleus of operative facts as the claims asserted in the Action,

including but not limited to the transactions, occurrences, facts, or circumstances alleged in or

otherwise described in the Litigation.  Released Claims shall not include the right of any

Settlement Class Member or any of the Released Entities to enforce the terms of the settlement

contained in this Settlement Agreement, and shall not include the claims of Settlement Class

Members who have timely excluded themselves from the Settlement Class.

   1.22 "Released Entities" means the Defendants and the Related Entities.

   1.23 "Settlement Claim" means a claim for settlement benefits made under the

terms of this Settlement Agreement.

   1.24 "Settlement Class" means the 10,392 of individuals identified on the

Settlement Class List to whom GE sent letters, on or about March 20, 2020, notifying those

individuals that information relating to them may have been compromised as a result of the Data

Incident announced by the Defendants in March of 2020.  The Settlement Class specifically

excludes: (i) officers and directors of the Defendants and/or the Related Entities; (ii) all

Settlement Class Members who timely and validly request exclusion from the Settlement Class;

(iii) any judicial officer assigned to this case, including their staff members and family; and (iv)

any other Person found by a court of competent jurisdiction to be guilty under criminal law of

initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.25    "Settlement Class List" means the list generated by Defendants containing the full names, current or last known addresses, and, where known, birthdates for Settlement Class members under the age of eighteen (18), for all persons who fall under the definition of the Settlement Class, which Defendants shall provide to the Settlement Administrator within fourteen (14) days of entry of the Preliminary Approval Order.

1.26    "Settlement Class Member(s)" or "Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.27    "Settlement Website" means the website described in ¶ 3.2(c).

1.28    "Settling Parties" means, collectively, the Defendants and Plaintiff individually and on behalf of the Settlement Class.

1.29    "Short Notice" means the content of the mailed notice to the Settlement Class Members, substantially in the form shown as Exhibit E.  The Short Notice will be disseminated via U.S. mail to all Settlement Class Members.  The Short Notice will direct recipients to the Settlement Website and inform Settlement Class Members, among other things, of the Claims Deadline, the Opt-Out Date, the Objection Date, the requested attorneys' fees, and the date of the Final Fairness Hearing (as defined in ¶ 3.4 below).

1.30    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Entities that, if known by him or her, might have affected his or her settlement with, and release of, the Released Entities, or might have affected his or her decision not to object and/or to participate in this Settlement Agreement.  With respect to any

and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff intends to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code §1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiff, may hereafter discovery facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims.  The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.31    "United States" as used in this Settlement Agreement includes all 50 states, the District of Columbia, Puerto Rico, and all territories.

1.32    "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or Dispute Resolution process described in ¶ 2.8.

2.    **Settlement Benefits**

2.1    <u>Expense Reimbursement</u>.  All Settlement Class Members who submit a Valid Claim using the Claim Form are eligible for reimbursement of out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Incident, not to exceed an aggregate total of $3,500.00 per Settlement Class Member.  Out-of-pocket costs or expenditures include: (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees, including attorney's fees (excluding the Class Counsel); (iii) accountants' fees; (iv) fees for credit repair services; (v) costs associated with freezing or unfreezing credit with any credit reporting agency; and (vi) miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges ("Out-of-Pocket Expenses").  To receive reimbursement for Out-of-Pocket Expenses, Settlement Class Members must submit a Valid Claim, including necessary supporting documentation to the Claims Administrator, as described further in ¶ 2.4 below.

2.2    All Settlement Class Members may also submit a claim for reimbursement for up to four (4) hours of lost time remedying issues fairly traceable to the Data Incident, at eighteen dollars ($18) per hour.  Settlement Class Members may receive reimbursement of Attested Time if the Settlement Class Member:  (i) attests under oath that any claimed lost time was spent in connection with efforts to remedy issues fairly traceable to the Data Incident; and (ii) provides a brief, written description of the actions taken in response to the Data Incident and

the time associated with each action ("Attested Time").  Claims made for Attested Time can be combined with reimbursement for the above referenced Out-Of-Pocket Expenses, and are subject to the same total aggregate cap of $3,500.00 per Settlement Class Member.

2.3     In exchange for the Release set forth herein, Defendants shall pay Valid Claim expenses in ¶¶ 2.1 and 2.2, which shall not exceed $350,000.00, in the total aggregate, for all claim payments for all Settlement Class Members.  If the total amount of otherwise Valid Claims exceeds $350,000.00, all Valid Claims shall be reduced pro rata.

2.4     Settlement Members seeking reimbursement under ¶¶ 2.1 and 2.2 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after the deadline for the commencement of notice to the Settlement Class Members as set forth in ¶ 3.2.  The notice to the Settlement Class will specify this deadline and other relevant dates.  The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and that submitting a false statement in a legal proceeding is unlawful. The Settlement Class Member must submit reasonable documentation reflecting that the Out-of-Pocket Expenses claimed were both actually incurred and fairly traceable to the Data Incident and have not otherwise been reimbursed by another source.  This documentation must include receipts or similar documentation, not to be "self-prepared" by the Settlement Class Member, that documents the costs incurred.  "Self-prepared" documents, such as handwritten receipts, by themselves are insufficient to receive reimbursement, but may be considered by the Claims Administrator to add clarity or support to other submitted documentation.  In assessing what qualifies as "fairly traceable," the Claims Administrator will consider (i) whether the timing of the loss occurred on or after February 3, 2020; (ii) the type of PII involved in the Data Incident

for that particular Settlement Class Member; and (iii) whether the claimed losses pertain to

remedying or preventing an identity theft or fraud incident likely to be associated with the

release of the type of PII for that particular Settlement Class Member involved in the Data

Incident (information that Defendants will provide to the Claims Administrator upon request, for

individual claimants who submit claims).  Failure to provide supporting documentation of Out-

of-Pocket Expenses, as requested on the Claim Form, shall result in denial of the claim.  For the

lost time claimed by Settlement Class Members, the Settlement Class Member must provide an

attestation under oath indicating that the time claimed was spent in connection with remedying

issues fairly traceable to the Data Incident and a written description of how the claimed lost time

was spent in connection with remedying issues fairly traceable to the Data Incident.  The

Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail,

telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a

determination as to its validity.

      2.5    <u>Credit Monitoring Protections</u>.

     All Settlement Class Members will be provided access to eighteen (18) months of Credit

Monitoring Protections provided by Aura's Financial Shield Services ("Aura's Financial

Shield") even if the Settlement Class Member is not seeking reimbursement for Out-of-Pocket

Expenses or Attested Time.  This benefit will be provided when a Settlement Class Member

accesses the Settlement Website as a link with a redeemable code to be used directly with Aura's

Financial Shield.  Financial fraud coverage provided through Aura's Financial Shield focuses on

protecting assets, freezing identity at ten different bureaus, including the three main credit

bureaus, home and property title monitoring, income tax protection and other services.  This

service is integrated with Early Warning Services to provide real-time monitoring of financial

accounts.  Aura's Financial Shield also carries a $1,000,000 policy protecting the subscriber. This service will be available to all Settlement Class Members for a period of eighteen (18) months, with the ability of Settlement Class Members to enroll in such service within thirty (30 days) after the Effective Date.

2.6     <u>Limitation on Reimbursable Expenses</u>.  The Settlement Class Members who submit claims must attest that they have exhausted all of their existing credit monitoring insurance and identity theft insurance before Defendants are responsible for any expenses claimed pursuant to ¶ 2 of this Settlement Agreement.  Nothing in this Settlement Agreement shall be construed as requiring Defendants to provide, and Defendants shall not be required to provide, a double payment of the same loss or injury that was reimbursed or compensated by any other source.  No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.7     <u>Confirmatory Discovery</u>.

(a)     Through confirmatory discovery exchanges in connection with the mediation process, Defendants have acknowledged and Plaintiff has confirmed that Canon has decommissioned the use of the Canon Email Box, replacing it with an independent mechanism whereby current and former GE employees submit their benefits-related information to Canon through a secure portal.

(b)     Nothing in ¶ 2.7 shall create any contractual rights to any present or future equitable remedy requiring Defendants to establish or maintain any particular security processes or procedures in the future or otherwise take any action in response to the Litigation.

In addition, nothing in ¶ 2.7 may be used to create a cause of action against Defendants or may be used in connection with any other matter against Defendants.

2.8    Assessing Claims and Dispute Resolution Process.

(a)    The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has submitted a complete Claim Form with all the necessary information, including any documentation that may be necessary to reasonably support a claim for Out-of-Pocket expenses described in ¶ 2; and (iii) for Out-of-Pocket Expenses, that the claimed losses are fairly traceable to the Data Incident as set forth in Paragraph 2.4 and supported by the requisite documentation. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is valid, then the claim shall be a Valid Claim and paid according to ¶ 8.2.

(b)    The Claims Administrator may, at any time, request from any Settlement Class Member, in writing, additional information as the Claims Administrator may reasonably require to evaluate the Claim ("Claim Supplementation"), e.g., documentation referenced on the claim form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.  Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation (if required for Out-of-Pocket expenses) to determine whether the claim is valid, the Claims Administrator shall request additional information and give the claimant twenty-one (21) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form.  In the event of unusual circumstances interfering with compliance

during the twenty-one (21) day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given, a reasonable extension of the twenty-one (21) day deadline in which to comply, as determined by the Claims Administrator; however, in no event shall the deadline be extended for longer than six (6) months from the date of the request for Claim Supplementation. If the defect is not timely cured, the claim will be deemed incomplete and thus invalid, and Defendants shall bear no obligation to pay the claim.

    (c)  Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have ten (10) days to assess the validity of the claim and either accept (in whole or at a lesser amount) or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is valid, then the claim shall be a Valid Claim and paid according to ¶ 8.2.  If the Claim Administrator determines that such a claim is not valid, then the Claims Administrator may reject the claim without any further action.

    (d)  For Claim Forms that are rejected or accepted in a lesser amount, Settlement Class Members shall have thirty (30) days from receipt of the final determination by the Claim Administrator to accept or reject the determination regarding an award. If the Settlement Class Member approves the final determination, then the approved amount shall be the amount to be paid (pursuant to the process described in ¶ 8.2). If the Settlement Class Member rejects the Claim Administrator's final determination, the Claims Administrator shall submit that claim to the Settling Parties (one Plaintiff's lawyer and one Defendants' lawyer shall be designated to fill this role). If, after meeting and conferring, the Settling Parties do not agree regarding the Settlement Administrator's final determination, then the claim shall be referred to a

claims referee for resolution. The Settlement Parties will mutually agree on the claims referee

should one be required. If the Settling Parties are unable to mutually agree on a claims referee,

the Settling Parties will submit the Settlement Class Member's claim to the magistrate judge for

final resolution.

(e)     Within thirty (30) days of a dispute being submitted to the claims

referee, the claims referee shall decide the dispute. The claims referee's determination shall be

based on whether the claims referee is persuaded that the claimed amounts are reasonably

supported in fact and are fairly traceable to the Data Incident. The claims referee shall have the

power to reject a claim or approve a claim in full or in part. The claims referee's decision will be

final and non-appealable. Any Settlement Class Member referred to the claims referee shall

reasonably cooperate with the claims referee, including by either providing supplemental

information as requested or, alternatively, signing an authorization allowing the claims referee to

verify the claim through third-party sources, and failure to cooperate shall be grounds for denial

of the claim in full.

2.9     Settlement Expenses.  All Costs of Claims Administration as required

under ¶ 3.2, and the costs of Dispute Resolution described ¶ 2.8, shall be paid by the Defendants

and are estimated to be approximately $35,000.00.

2.10    Settlement Class Certification.  The Settling Parties agree, for purposes of

this settlement only, to the certification of the Settlement Class. If the settlement set forth in this

Settlement Agreement is not approved by the Court, of if the Settlement Agreement is terminated

or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and

the certification of the Settlement Class provided for herein, will be vacated and the Litigation

shall proceed as though the Settlement Class had never been certified, without prejudice to any

Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

3.  **Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1     As soon as practicable after the execution of the Settlement Agreement, Plaintiff's Counsel and counsel for Defendants shall jointly submit this Settlement Agreement to the Court, and Plaintiff's Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit D, or an order substantially similar to such form in both terms and cost, requesting, *inter alia*:

(a)     Certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.10;

(b)     Preliminary approval of the Settlement Agreement as set forth herein;

(c)     Appointment of Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., and Gibbs Law Group LLP as Class Counsel;

(d)     Appointment of Plaintiff as Class Representative;

(e)     Approval of a customary form of Short Notice to be mailed by U.S. mail to Settlement Class Members in a form substantially similar to Exhibit E.

(f)     Approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to Exhibit C, which, together, with the Short Notice, shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of

the settlement set forth in  the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, the requested attorney's fees, and the date, time, and place of the Final Fairness Hearing (as defined in ¶ 3.4 below);

        (g)      Approval of the Claim Form to be available on the Settlement Website for submitting claims and available, upon request, in a form substantially similar to Exhibit A; and

        (h)      Appointment of RG/2 Claims Administration LLC as the Claims Administrator.

        3.2      The Defendants shall pay for all costs of providing notice (estimated at $35,000.00) and in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration. Any attorneys' fees, costs, and expenses of Plaintiff's Counsel, and a service award to the Class Representative, as approved by the Court, shall be paid by the Defendants. Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

        (a)      *Settlement Class List*: Within fourteen (14) days of entry of the Preliminary Approval Order, the Defendants shall provide the Claims Administrator with Settlement Class List that is within the Defendants and/or the Released Entities possession, custody, or control.  The Defendants warrant and represent that they will provide the most current Settlement Class List as such information is contained in its or the Released Entities' records.

        (b)      The Settlement Class List and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this

Settlement Agreement and shall not be used for any other purpose at any time.  Except to administer the settlement as provided in this Settlement Agreement, or to provide all data and information in its possession to the Settling Parties, upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Settlement Class List.

(c)     *Settlement Website*:  Prior to the dissemination of the Short Notice, the Claims Administrator shall establish the Settlement Website, which will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information.  The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) the Settlement Agreement; (v) the operative Class Action Complaint filed in the Litigation; and (vi) any other materials agreed upon by the Settling Parties and/or required by the Court.  The Settlement Website shall provide Settlement Class Members with the ability to complete and submit the Claim Form, and supporting documentation electronically.

(d)     *Short Notice*: Within thirty (30) days of entry of the Preliminary Approval Order and to be substantially completed not later than forty-five (45) days after entry of the Preliminary Approval Order, subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class Members as follows:

(i)     via direct mail to the postal address provided by the Defendants and/or the Released Entities by the Settlement Class Members.  Before any mailing under this paragraph occurs, the Claims Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service

("USPS") National Change of Address database to update any change of address on file with the USPS within thirty (30) days of entry of the Preliminary Approval Order;

(ii)     in the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is not valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice;

(iii)     in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and the Objection Date, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs the skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice within seven (7) days of receiving such information.  This shall be the final requirement for mailing.

(e)     Publishing, on or before the date of the mailing of the Short Notice, the Claim Form and Long Notice on the Settlement Website as specified in the Preliminary Approval Order, and maintaining and updating the Settlement website throughout the claim period;

(f)     A toll-free help line shall be made available to provide Settlement Class Members with additional information about the settlement and to respond to Settlement

Class Members' questions.  The Claims Administrator also will provide copies of the Short

Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request

to Settlement Class Members; and

(g)     Contemporaneously with seeking final approval of the Settlement,

Class Counsel and the Defendants shall cause to be filed with the Court an appropriate affidavit

or declaration with respect to complying with this provision of notice.

3.3     The Short Notice, Long Notice, and other applicable communications to

the Settlement Class may be adjusted by the Claims Administrator, respectively, in consultation

and agreement with the Settling Parties, as may be reasonable and not inconsistent with such

approval.  The notice program shall commence within thirty (30) days after entry of the

Preliminary Approval Order and shall be completed within forty-five (45) days after entry of the

Preliminary Approval Order.

3.4     Class Counsel and counsel for the Defendants shall request that, after

notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final

approval of the settlement set forth herein.

3.5     The Defendants will also cause the Claims Administrator to provide (at

Defendants' expense) notice to the relevant state and federal governmental officials as required

by the Class Action Fairness Act.

4.  **Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually

sign and timely submit written notice of such intent to the designated Post Office box established

by the Claims Administrator. The written notice must clearly manifest the Person's intent to be

excluded from the Settlement Class. To be effective, written notice must be postmarked no later

than sixty (60) days after the date on which the notice program commences pursuant to ¶ 3.3 and

23

said deadline will be provided to Settlement Class Members in the Long Form Notice and the Settlement Website.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any cash benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that, within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than fifty (50) timely and valid Opt-Outs (exclusions) submitted, the Defendants may, by notifying Class Counsel and the Court in writing, void this Settlement Agreement. If the Defendants void the Settlement Agreement pursuant to this paragraph, the Defendants shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and Plaintiff's Counsel and service awards and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

5.  **Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection,

accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court, located at 40 Foley Square, New York, NY 10007, and contain the case name and docket number *In re: GE/CBPS Data Breach Litigation*, Case No. 1:20-cv-02903-KPF (the "Action"), no later than sixty (60) days from the date on which notice commences pursuant to ¶ 3.3, and served concurrently therewith upon Class Counsel, Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street, Suite 2100, Chicago, Illinois 60606; and counsel for the Defendants, Kenneth L. Chernof, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Avenue, NW, Washington, D.C., 2001-3743.

5.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval

shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

6. **Releases**

6.1     Settlement Class Members who do not opt-out of the settlement in accordance with Court approved opt-out procedures and deadlines release any and all claims arising from or related to claims asserted in the Litigation, as more specifically set forth in ¶¶ 6.2 and 6.3 below.

6.2     The obligations incurred under this Settlement shall be in full and final disposition of the Litigation and of any and all Released Claims against all Released Entities.

6.3     Upon the Effective Date, each Settlement Class Member, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims and Unknown Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

7. **Attorneys' Fees, Costs, and Expenses And Service Award to Plaintiff**

7.1     The Settling Parties did not reach agreement during mediation regarding the payment of attorneys' fees, costs, expenses, and/or a service award to Plaintiff.

7.2     Proposed Settlement Class Counsel will submit their application to the Court for attorneys' fees, costs, and expenses, and an application for a service award to the

Plaintiff by way of a separately noticed motion pursuant to a schedule established by the Court. Defendants reserve the right to challenge Proposed Settlement Class Counsel's claim for attorneys' fees, costs, and expenses, and the application for a service award to the Plaintiff.

7.3     Defendants agree to pay Proposed Settlement Class Counsel's attorneys' fees, costs, and expenses, and any service award to the Plaintiff as approved by the Court within 30 days of the final, non-appealable order governing such fees, costs, expenses, and award.

7.4     The amount(s) of any award of attorneys' fees, costs, and expenses, and service award to Plaintiff is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, costs or expenses, and service award to Plaintiff awarded by the Court to Proposed Settlement Class Counsel shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

8.  **Administration of Claims**

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2. Class Counsel and the Defendants shall be given reports as to both claims and distribution and have the right to review and obtain supporting documentation to the extent necessary to resolve claims administration issues. The Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the Dispute Resolution process set forth in ¶ 2.8. All claims agreed to be paid in full by the Defendants shall be deemed a Valid Claim.

8.2     Checks for Valid Claims shall be mailed and postmarked either within sixty (60) days of the Effective Date or within thirty (30) days of the date that the last claim is approved, whichever is later.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court or otherwise expressly allowed by law or the Settling Parties' written agreement, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, claims referee, the Defendants, Released Entities, Class Counsel, Plaintiff, Plaintiff's Counsel, and/or Defendants' counsel based on determinations or distributions of benefits to Settlement Class Members or any other matters related to administration of claims.

8.5     Information submitted by Settlement Class Members in connection with submitted claims under this Settlement Agreement shall be deemed confidential and protected as such by the Claims Administrator, claims referee, Class Counsel, and counsel for Defendants.

9. **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Order of Preliminary Approval and publishing of notice of a Final Fairness Hearing as required by ¶ 3.1;

(b)     the Defendants have not exercised their option to terminate the Settlement Agreement pursuant to ¶ 4.3;

(c)     the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

(d)     the Judgment has become Final as defined in ¶ 1.11.

9.2     If any of the conditions specified in ¶ 9.1 is not satisfied, the Settlement Agreement shall be cancelled and terminated subject to ¶ 9.4 unless Class Counsel and counsel for the Defendants mutually agree in writing to proceed with the Settlement Agreement.

9.3     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and to the Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4     In the event that the Settlement Agreement or the releases set forth in ¶¶ 6.1, 6.2, and 6.3 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, the Defendants shall be obligated to pay amounts already

billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

10. **Miscellaneous Provisions**

10.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement resolves all claims in the Litigation and shall not be deemed an admission of liability by any Defendant and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth in the Settlement Agreement.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability or omission of any of the Released Persons in any civil, criminal, regulatory or administrative inquiry or proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the

Judgment in any action that may be brought against them or any of them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or any similar defense or counterclaim.

      10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

      10.5    This Settlement Agreement contains the entire understanding between Defendants and Plaintiff regarding the settlement of the Litigation and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendants and Plaintiff in connection with the payment of the settlement.  Except as otherwise provided herein, each party shall bear its own costs.  The Settlement Agreement supersedes all previous agreements between Defendants and Plaintiff.

      10.6    Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement (pursuant to the provisions of ¶ 10) on behalf of the Settlement Class that Plaintiff deems appropriate to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

      10.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party warrants that such Person has the full authority to do so.

      10.8    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

10.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties. No assignment of this Settlement Agreement will be valid without the other party's prior written permission.

10.10   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11   As used in the Settlement Agreement, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

10.12   All dollar amounts are in United States dollars (USD).

10.13   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits.  All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void."  If a check becomes void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance.  If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, the Defendants shall have no obligation to make payments to the Settlement Class Member for expense and reimbursement under ¶ 2.1 or any other type of monetary relief.  The same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.14   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

Class Counsel

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**

By: *Gary M. Klinger*

Gary M. Klinger
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
866.252.0878gklinger@milberg.com

Rosemary M. Rivas
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: 510-350-9700
Email: rmr@classlawgroup.com

Joseph I. Marchese
Alec M. Leslie
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Tel: (646)-837-7150
Email: jmarchese@bursor.com
        aleslie@bursor.com

*Attorneys for Plaintiff Steven Fowler*

Counsel for Defendants

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: _____

Kenneth L. Chernof, admitted *pro hac vice*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C.  20001-3743
Telephone:  (202) 942-5940
Facsimile:  (202) 942-5999
ken.chernof@arnoldporter.com

Debra E. Schreck
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689
debra.schreck@arnoldporter.com

*Attorneys for Defendants General Electric Company
and Canon Business Process Services, Inc.*

# <u>EXHIBIT A</u>

# *In re GE/CBPS Data Breach Litigation* Settlement Class Member Claim Form
# District Court for the Southern District of New York, No. 1:20-cv-02903-KPF

DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [entry of the Preliminary Approval Order + 120 Days] AND MUST BE FULLY COMPLETED, SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT. YOUR FAILURE TO SUBMIT A TIMELY AND COMPLETE CLAIM FORM WILL RESULT IN YOUR FORFEITING ANY COMPENSATION AND/OR CREDIT MONITORING BENEFITS FOR WHICH YOU MAY BE ELIGIBLE UNDER THE SETTLEMENT.

Instructions: Please read carefully the Notice of Class Action Settlement ("Notice"), which is included with this Claim Form. If General Electric Company ("GE") notified you in or around March of 2020 of a Data Incident, you may be eligible for benefits from a class action settlement. If you wish to receive compensation and/or credit monitoring benefits from the Settlement, you must take all of the following steps:

- Complete all gray-highlighted sections of this Claim Form in black or blue ink or electronically.
- Sign and date this Claim Form below verifying that the statements and information you have provided are true and correct to the best of your knowledge and belief and acknowledging that submitting a false statement in a legal proceeding is unlawful.
- Return this Claim Form by the Deadline ([entry of the Preliminary Approval Order + 120 Days]) to: [GE/Canon Settlement; ADDRESS] or online at [www.settlementwebsite.com]. For questions, visit [www.settlementwebsite.com], email at [EMAIL ACCOUNT], or call [1-XXX-XXX-XXXX].

| YOUR CONTACT INFORMATION |
| --- |

Name: _____
First                                          Middle                                          Last

Address: _____
(You must provide a street address. A P.O. Box will not be accepted.)

_____
City                                          State                                          ZIP Code

Current Phone Number: (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___
(Please provide a phone number where you can be reached if further information is required).

Current Email Address: ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___
(Please provide an email address where you can be reached for enrollment in the Credit Monitoring benefit).
Check this box if you do not have an email address: ☐

| CLASS MEMBERSHIP |
| --- |

Records indicate that you were notified by GE on or about March 20, 2020, that information relating to you may have been compromised as a result of the Data Incident.

By signing and submitting this Claim Form, you acknowledge the following: you received Notice from GE in or around March 2020 regarding the Data Incident. You also acknowledge the following: I have received and reviewed the Notice and understand its terms and statements. I submit this Claim Form under the terms of the Notice and the Settlement Agreement described in the Notice.

## SETTLEMENT BENEFITS

<u>Credit Monitoring</u>. As a Class Member, you are entitled to receive eighteen (18) months of credit monitoring protection at no cost to you.  To enroll in credit monitoring, you must access the Settlement Website link  provided in the postcard notice. Once you log in, you will receive an activation code for the credit monitoring services, which will become active after the settlement is finalized by the Court.

<u>Reimbursement</u>. Please describe in the box below the amount of loss(es) you actually incurred that are fairly traceable to the Data Incident described in the March 2020 notice from GE. These may include: (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees, including attorney's fees (excluding the Class Counsel); (iii) accountants' fees; (iv) fees for credit repair services; (v) costs associated with freezing or unfreezing credit with any credit reporting agency; and (vi) miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges: $_____.

By submitting this claim for expense reimbursement, you verify that these losses or expenses were incurred and are fairly traceable to the Data Incident and that these losses or expenses have not otherwise been reimbursed from another source, and you acknowledge that submitting a false statement in a legal proceeding is unlawful.

In addition to this Claim Form, you must provide to the Claims Administrator reasonable documentation of the losses and/or expenses claimed above to allow for assessment and validation of these claims. This documentation must include receipts or similar documentation, not "self-prepared" documents such as handwritten receipts.  If documentation cannot be provided, Class Members must provide in the box below (and can use a separate paper if more space is needed) an explanation as to why documentation cannot be provided. That reason will be considered by the Claims Administrator and Counsel.

The Settlement allows for reimbursement of up to four (4) hours of lost time at  Eighteen Dollars ($18) per hour for time spent in connection with efforts to remedy issues fairly traceable to the Data Incident described in the March 2020 notice from GE. Please state the precise number of hours you have expended in connection with efforts to remedy issues fairly traceable to the Data Incident.

_____ hours of lost time, at the rate of $18 per hour

In addition to this Claim Form, you must provide a description to the Claims Administrator of how the claimed lost time was spent in connection with efforts to remedy issues fairly traceable to the Data Incident,  to allow for assessment and validation of your claim. Please provide that description below.  (You can use a separate paper if more space is needed).

By submitting this claim for lost time, you are verifying that this time was expended in connection with efforts to remedy issues fairly traceable to the Data Incident and you acknowledge that submitting a false statement in a legal proceeding is unlawful.

Submission of a claim does not guarantee compensation or receipt of credit monitoring benefits.  In connection with a Valid Claim, each Class Member may receive up to, but no more than,  $3,500 for Reimbursement. If total class claims for Reimbursement exceed $350,000, each Class Member will receive a lesser, *pro rata* share of a $350,000 pay-out in connection with a Valid Claim. This process takes time. Please be patient.

The  Claims Administrator may require the submission of supplemental information and documentation reasonably necessary to evaluate any claims.

I hereby agree to participate in the settlement entered in the litigation and approved by the Court.  I also consent and agree to be bound by any adjudication of this action by the Court.

[If you choose to be represented by your own counsel in this action, please complete the following:]  I designate _____ to represent me as legal counsel in this action.

By signing below, I fully and finally discharge and release any and all of the Released Claims against Defendants and the Released Entities. I agree to be bound by this Settlement and not to sue or otherwise make a claim against any of the Released Entities as to any of the Released Claims.

I verify that the statements and information I have provided are true and correct to the best of my knowledge and belief, and I acknowledge that submitting a false statement in a legal proceeding is unlawful.

Signature: _____          Date: _____

Printed Name: _____

CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [entry of the Preliminary Approval Order + 120 Days] TO BE ELIGIBLE FOR PAYMENT. FILE ONLINE AT: [WWW.SETTLEMENTWEBSITE.COM] OR MAIL THIS CLAIM FORM TO: [GE/Canon Settlement; ADDRESS]. If you have questions, you may call the Claims Administrator at 1-8XX-XXX-XXX, or email at [EMAIL ACCOUNT].

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: GE/CBPS DATA BREACH
LITIGATION

Case No. 1:20-cv-02903-KPF

**[PROPOSED] FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court entitled *In Re: GE/CBPS Data Breach Litigation*, No. 1:20-cv-02903-KPF (the "Action"); and

WHEREAS, Plaintiff Steven Fowler and Defendants Canon Business Process Services, Inc. ("Canon") and General Electric Company ("GE," and collectively with Canon, "Defendants") have entered into a settlement agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"); and

WHEREAS, on _____, 20__, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a class pursuant to Fed. R. Civ. P. 23(b)(3) of "the 10,392 of individuals identified on the Settlement Class List to whom GE sent letters, on or about March 20, 2020, notifying those individuals that information relating to them may have been compromised as a result of the Data Incident announced by the Defendants in March of 2020"; and

WHEREAS, the Court has considered the Parties' Settlement Agreement, as well as Plaintiff's Motion for Final Approval of the Settlement Agreement, Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Service Award, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval

Hearing held on _____, 20__, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3.      The Settlement Agreement does not constitute an admission of liability by either or both Defendants, and the Court expressly does not make any findings of liability or wrongdoing by any or both Defendants.

4.      The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval – including (i) direct notice to the Settlement Class via U.S. mail, based on the comprehensive Settlement Class List provided by Defendants, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

5.      __ individuals, whose names are _____, have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

6.      The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Further, more than ninety (90) days have elapsed since Defendants provided notice pursuant to CAFA and the Final Approval Hearing.

7.      This Court now gives final approval to the Settlement Agreement, and finds that

2

the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement

Class.  The settlement consideration provided under the Settlement Agreement constitutes fair

value given in exchange for the release of the Released Claims against the Released Parties.  The

Court finds that the consideration to be paid to members of the Settlement Class is reasonable,

and in the best interests of the Settlement Class Members, considering the total value of their

claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative

defenses that have been and/or would be asserted in the Action, and (iii) the potential risks and

likelihood of success of pursuing litigation on the merits.  The complex legal and factual posture

of this case, the amount of discovery completed, and the fact that the Settlement is the result of

arms'-length negotiations between the Parties support this finding.  The Court finds that these

facts, in addition to the Court's observations throughout the litigation, demonstrate that there was

no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

     8.     The Court has specifically considered the factors relevant to class action

settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement; (3) the stage of the
> proceedings and the amount of discovery completed; (4) the risks
> of establishing liability; (5) the risks of establishing damages; (6)
> the risks of maintaining the class action through trial; (7) the
> ability of defendants to withstand a greater judgment; (8) the range
> of reasonableness of the settlement fund in light of the best
> possible recovery; and (9) the range of reasonableness of the
> settlement fund to a possible recovery in light of all the attendant
> risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *see also* Fed. R. Civ. P. 23(e).

     9.     The Court finds that the Class Representative and Class Counsel adequately

represented the Settlement Class for the purposes of litigating this matter and entering into and

implementing the Settlement Agreement.

10.     Accordingly, the Settlement is hereby finally approved in all respects.

11.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.  The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

12.     This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

13.     Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations release claims against Defendants and all Released Entities, as defined in the Settlement as follows:

> any and all past, present, and future claims and causes of action including, but not limited to, any individual or class-wide causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including, but not limited to, 15 U.S.C. §§ 45, et seq., and all similar statutes in effect in any states in the United States; negligence; negligence per se; breach of contract; breach of implied contract; violation of the Florida Deceptive and Unfair Trade Practices Act; violation of the New York General Business Law § 349 and all similar state consumer protection statutes; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligence, or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages,

4

statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Entities based on, relating to, concerning or arising out of the Data Incident or the allegations arising out of the same nucleus of operative facts as the claims asserted in the Action, including but not limited to the transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Entities to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

14.     Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Released Entities.  All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

15.     The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Service Award, as well as the supporting memorandum of law and declarations, and adjudges that the payment of attorneys' fees, costs, and expenses in the amount of $_____ is reasonable in light of the multi-factor test used to evaluate fee awards in the Second Circuit.  *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16.     The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for an service award to the Class Representative, Steven Fowler.  The Court adjudges that the payment of an service award in the amount of $_____ to Mr. Fowler to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17.     As outlined in the Settlement Agreement, all payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall be void.  In the event a check becomes void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance.  If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, the Defendants shall have no obligation to make payments to the Settlement Class Member for expense and reimbursement under ¶ 2.1 or any other type of monetary relief.

18.     The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19.     The matter is hereby dismissed with prejudice and without costs except that, without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court will retain jurisdiction over all matters relating to administration, consummation,

6

enforcement, and interpretation of the Settlement Agreement.

20.     In accordance with Rule 23, this Final Order and Judgment resolves all claims

against all parties in this Action and is a final order.  This Court hereby directs entry of this Final

Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that

there is no just reason for delay of enforcement or appeal of this Final Judgment.


IT IS SO ORDERED, this _____ day of _____, 20__.


_____
The Honorable Katherine Polk Failla
United States District Judge

# **EXHIBIT C**

United States District Court
SOUTHERN DISTRICT OF NEW YORK

**<u>Notice of Class Action and Proposed  Settlement</u>**

**If General Electric Company notified you in or around March of 2020 of a Data Incident, you may be eligible for compensation and/or credit monitoring benefits from a class action settlement.**

**The United States District Court for the Southern District of New York has preliminarily approved a class action settlement that may affect your legal rights.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A class action settlement has been reached in the case of *In re GE/CBPS Data Breach Litigation*, Case No. 1:20-cv-02903-KPF, pending in the United States District Court for the Southern District of New York before the Honorable Katherine Polk Failla.  Under the proposed class action settlement, you may be entitled to cash compensation and/or eighteen (18) months of credit monitoring at no charge to you as discussed below.  See answer to Question 6 below.

- The lawsuit arises out of a third party's unauthorized access of a dedicated email box maintained by Canon Business Process Services, Inc. ("Canon") containing benefits-related information of certain current and former General Electric Company ("GE") employees (the "Data Incident").  GE and Canon ("Defendants") deny wrongdoing and liability in connection with the allegations in the lawsuit.

- On [•], the Court preliminarily approved this settlement (the "Settlement") and, by agreement of the parties to the lawsuit ("the Parties"), certified this lawsuit to proceed as a class action for settlement purposes only.  A full copy of the Settlement Agreement may be reviewed at the Settlement Website at [www.settlementweb site.com]. This Notice contains only a summary of the Settlement Agreement.

- If you received notice from GE in or around March of 2020 regarding the Data Incident, you are a member of the Settlement Class. Excluded from the Settlement Class are all those persons who timely and validly request exclusion from the Settlement Class, as well as: (i) officers and directors of the Defendants and/or the Related Entities (as defined in the Settlement Agreement); (ii) Judge Katherine Polk Failla and her staff and family; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.  A full copy of the Second Amended Class Action Complaint may be reviewed at the Settlement Website at [www.settlementwebsite.com].

- If you are a Settlement Class Member, then you may be entitled to compensation and/or credit monitoring benefits under the terms of the Settlement. If you are a Settlement Class Member and you wish to file a claim, object to the Settlement, or exclude yourself from the Settlement, you must follow the procedures contained in the Settlement Agreement and outlined in this Notice.

- This notice is to advise you of the status of the lawsuit, the terms of the proposed Settlement, and your rights in connection with the Settlement. This is not a lawsuit against you.

- Your legal rights related to this lawsuit are affected whether you act or don't act. **Read this notice carefully.**

| ACTION | EXPLANATION | DUE DATE |
|---|---|---|
| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT** | | |
| **DO NOTHING** | You will be included in the Settlement Class but receive no benefits. You will be bound by the Court's judgment of dismissal and release claims against Defendants relating to the Data Incident. | No deadline |
| **SUBMIT A CLAIM FORM** | Settlement Class Members can choose to submit a claim to receive Settlement benefits. You must submit a Valid Claim to the Claims Administrator to receive any monetary benefits from this Settlement.  For more information about submitting a claim, see question 7.<br><br>You will be bound by the Court's judgment of dismissal and release claims against Defendants relating to the Data Incident. | [entry of the Preliminary Approval Order + 120 Days] |
| **ASK TO BE EXCLUDED** | If you choose to exclude yourself (*i.e.*, opt out), you will not be included in the Settlement. You will receive no benefits and you will not release any claims you may have against Defendants/Release Entities relating to the Data Incident. See Question 10. | [entry of the Preliminary Approval Order + 90 Days] |
| **OBJECT** | If you wish to object to the Settlement, you must timely submit written notice of your objection to the Clerk of the Court, and send a copy of your objection to the attorneys for all Parties. If you exclude yourself from the Settlement, you cannot file an objection. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.  See Question 12. | [entry of the Preliminary Approval Order + 90 Days] |

**BASIC INFORMATION**

**1.  Why did I receive notice of this Settlement?**

You received postcard notice of this Settlement because records show that you received notice from GE in or around March of 2020 related to the Data Incident. If these records are correct, you are a Settlement Class Member and you may be entitled to receive Settlement benefits for compensation if you submit a Valid Claim to the Claims Administrator before the deadline and if the Court grants final approval of the Settlement. You also have other options as described in this notice.

**2.  What is a class action and who is involved?**

In a class action lawsuit, one or more people called "class representatives" (in this case, one person, Steven Fowler) sue on behalf of other people who have similar claims.  The people together are a "class."  The entities they sued (in this case, GE and Canon) are called the "defendants."  One court resolves the issues for every member of the "class" who does not exclude himself/herself.

### 3.  Why is this lawsuit a class action?

The Parties have agreed and the Court has preliminarily decided that this lawsuit can proceed as a class action (for settlement purposes only) because it meets the requirements of Federal Rule of Civil Procedure 23.  Specifically, the Court found that, for settlement purposes only, there are a sufficient number of people who may have been affected by the Data Incident at issue in this case, there are legal questions common to each of them, any claims or defenses of the representative parties are typical to those of the class, the Class Representative will fairly and adequately represent the Settlement Class's interests; and this class action will be more efficient than having many individual lawsuits.

### 4.  What is this lawsuit about?

The Honorable Katherine Polk Failla of the United States District Court for the Southern District of New York is overseeing this class action.  The case is known as *In re GE/CBPS Data Breach Litigation*, Case No. 1:20-cv-02903-KPF, pending in the United States District Court for the Southern District of New York.  The individual who sued is called the "Plaintiff" and the companies that person sued, GE and Canon, are known as the "Defendants" in this case.

Plaintiff filed a lawsuit against Defendants, individually, and on behalf of anyone whose personally identifiable information ("PII") was compromised as a result of the Data Incident.  The lawsuit arises out a third party's unauthorized access of a dedicated email box that Canon maintained and that contained benefits-related information of certain current and former GE employees (the "Lawsuit").

Defendants deny wrongdoing and liability in connection with the Lawsuit. The Court has not made any ruling on the merits of this case. To resolve this matter without the expense, delay, and uncertainties of continued litigation, the Parties have reached a Settlement, which resolves all claims against Defendants. The Settlement is not in any way an admission of wrongdoing or liability by Defendants and does not imply that there has been, or would be, any finding that Defendants violated the law. The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has certified the Settlement Class for settlement purposes only and subject to final approval of the Settlement, so that members of the Settlement Class can be given this notice and the opportunity to submit a claim, object, or exclude themselves from the Settlement Class. If the Court does not grant final approval of the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

### 5.  How do I know if I am part of the settlement?

You are included in the Settlement if you were mailed notification by GE in or around March of 2020 regarding the Data Incident. You will be considered a member of the Settlement Class unless you timely opt-out of the Settlement. If you are not sure whether you are included or have any other questions about the Settlement, visit [Website], call toll free [number], or write to [address].

### 6.  What does the Settlement Provide?

The proposed Settlement will provide the following benefits to Class Members:

**Expense Reimbursement**

1)    **Documented out-of-pocket expense reimbursement**:  All Settlement Class Members who submit a Valid Claim (as outlined in the Settlement Agreement) using the Claim Form are eligible for reimbursement for the following documented out-of-pocket expenses fairly traceable to the Data Incident, not to exceed an aggregate total of $3,500.00 per Settlement Class Member: (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees, including attorney's fees (excluding the Class Counsel); (iii) accountants'

fees; (iv) fees for credit repair services; (v) costs associated with freezing or unfreezing credit with any credit reporting agency; (vi) and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges ("Out-of-Pocket Expenses").   To receive reimbursement for any of the Out-of-Pocket Expenses, Settlement Class Members must submit a valid and timely claim, including the necessary supporting documentation, to the Claims Administrator, as outlined in the Settlement Agreement.

2)   **Attested time reimbursement:** Settlement Class Members are also eligible to receive reimbursement for up to four (4) hours of lost time in connection with efforts to remedy issues fairly traceable to the Data Incident (calculated at $18 per hour), but only if the Settlement Class Member (i) attests under oath that any claimed lost time was spent in connection with efforts to remedy issues fairly traceable to the Data Incident; and (ii) provides a brief, written description of how the claimed lost time was spent in connection with efforts to remedy issues fairly traceable to the Data Incident ("Attested Time").  Claims made for Attested Time can be combined with reimbursement for the above referenced Out-Of-Pocket Expenses, and are subject to the same total aggregate cap of $3,500.00 per Settlement Class Member.

2)   **Eighteen Months of Credit Monitoring**:  Defendants agree to offer eighteen (18) months of credit monitoring to all Settlement Class Members.  The credit monitoring will be provided through Aura's Financial Shield Services.

**Reimbursement Terms:** Defendants will pay up to a total of $350,000 for all Class Members' Valid Claims for reimbursement. To receive compensation for Out-of-Pocket Expenses or Attested Time, you must submit a Valid Claim along with any necessary supporting documentation by [entry of the Preliminary Approval Order + 120 Days], as outlined in the Settlement Agreement.  Valid Claims for Attested Time will be compensated at $18.00 per hour (for up to four (4) hours per Class Member) upon verification that the time was expended in connection with efforts to remedy issues fairly traceable to the Data Incident, as outlined in the Settlement Agreement. If the Valid Claims submitted by Settlement Class Members exceed a total of $350,000, all claims will be reduced on a pro rata basis prior to payment. The amount (up to a maximum amount of $3,500) you are entitled to receive depends on several factors, including how many Valid Claims are filed before the Claims Deadline. You can review the Claim Form at [www.settlementwebsite.com] to see an explanation of the types of loss that will be considered, as well as specific documentation requirements.

**Credit Monitoring Terms:** To receive eighteen (18) months of credit monitoring provided by Defendants, at no cost to you, Settlement Class Members must access the Settlement Website using the link provided in the postcard notice.   Once you log in, you will receive an activation code for the credit monitoring services, which will become active after the settlement is finalized by the Court.

**Remedial Measures:** The Settlement also provides remedial relief for all Settlement Class Members, regardless of whether you make a claim in the Settlement. Specifically, Defendants have decommissioned the use of the dedicated Canon email box, replacing it with an independent mechanism whereby current and former GE employees submit their benefits-related information to Canon through a secure portal.

**Fees, Costs, and Expenses Associated with the Settlement:** The parties estimate that the fees, costs, and expenses associated with the Settlement will be as follows: (i) Settlement Administration Costs estimated to be Thirty-Five Thousand Dollars ($35,000).  The Settling Parties did not reach agreement during mediation regarding the payment of attorneys' fees, costs and expenses or a service award to the Class Representative.  Any award of attorneys' fees, costs and expenses to Class Counsel or a service award to the Class Representative will be paid separately by Defendants and will not impact the amounts paid to Class Members who submit Valid Claims for reimbursement.

For those Class Members entitled to a cash payment, the exact amount of such payment is unknown at this time and may vary depending on several factors, as outlined above and in the Settlement Agreement. Pursuant to the terms of the Settlement Agreement, the Claims Administrator will calculate the final amount that is due to each eligible Settlement Class Member and shall pay each eligible Settlement Class Member who timely returns a completed Valid

Claim Form and who does not actively remove himself or herself from the Class and who otherwise qualifies for payment pursuant to the terms of the Settlement Agreement.

### 7.  How do I receive a benefit?

If you are an eligible Settlement Class Member and you do not opt-out of the Settlement, and if you wish to receive compensation from the Settlement for attested time or reimbursement for out-of-pocket expenses, then you must make a Valid Claim by [entry of the Preliminary Approval Order + 120 Days], consistent with the Settlement Agreement.

Claims can be filed online at [www.settlementwebsite.com] by [entry of the Preliminary Approval Order + 120 Days] or by mailing your claim form to the Claims Administrator at [GE/Canon Settlement; ADDRESS]. You may also contact the Claims Administrator toll-free at [1-XXX-XXX-XXXX], or via email at [EMAIL ACCOUNT], with any questions. Claims for distribution submitted after [entry of the Preliminary Approval Order + 120 Days] will not be paid.

### 8.  How will I receive payments?

The Claims Administrator will issue a check to each Class Member entitled to compensation under the Settlement Agreement either within sixty (60) days of the Effective Date or within thirty (30) days of the date that the last claim is approved, whichever is later. If there is an appeal of the Settlement, payment may be delayed. Cashing the settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits.  All settlement checks shall be void ninety (90) days after issuance.  If a check becomes void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance.

The Parties cannot predict exactly when (or whether) the Court will give final approval to the Settlement, so please be patient. Updated information about the case can be obtained through Class Counsel at the telephone number or email address provided below.

YOUR RIGHTS AND OPTIONS

### 9.  What happens if I do nothing at all?

If you do nothing, you will not get any benefit from the Settlement, you will not be able to sue for claims in this case, and you release the claims against the Defendants and Related Entities, as outlined in the Settlement Agreement.

### 10.  Why would I ask to be excluded?

If you already have your own lawsuit against Defendants about the same claims in this lawsuit and want to continue with it, you need to ask to be excluded from the Class.  If you exclude yourself, you will not be legally bound by the Court's judgment of dismissal in this case. If you start your own lawsuit against Defendants after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Defendants, you should talk to your own lawyer.

### 11.  How do I ask the Court to exclude me from the "class" in this case?

You have the right to exclude yourself from (i.e., "opt out" of) the Settlement Class. If you exclude yourself, you will be giving up the right to receive any compensation and/or credit monitoring benefits and the right to object, but you will not be releasing the claims that are released in the Settlement.

To exclude yourself from the Class, you must sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  The written notice must clearly manifest your intent to be excluded from the Settlement Class.  It must also contain the words: "I elect to exclude myself from the settlement in *In re GE/CBPS Data Breach Litigation*" and be signed in order to be valid.  All requests for exclusion must be submitted, signed, and mailed to the Claims Administrator and postmarked no later than [opt out date]. If you return a late request for exclusion, the request will be deemed invalid and you will remain a member of the Class and will be bound by all of the terms of the Settlement.

YOU CANNOT EXCLUDE YOURSELF BY TELEPHONE OR BY SENDING AN EMAIL.

DO NOT SUBMIT BOTH A CLAIM FORM AND A REQUEST FOR EXCLUSION. IF YOU SUBMIT BOTH A CLAIM FORM AND A REQUEST FOR EXCLUSION, YOUR CLAIM FORM WILL BE DISREGARDED.

| **12.  How do I object to the settlement?** |
| --- |

You have the right to object to the Settlement if you wish. To be considered by the Court, your objection must be submitted through the Settlement Website no later than [entry of Preliminary Approval Order + 90 days], or mailed, postmarked no later than [entry of Preliminary Approval Order + 90 days], to the following address:

[GE/Canon Settlement; ADDRESS].

You must also mail a copy of your objection to the following three places postmarked no later than [entry of the Preliminary Approval Order + 90 Days]:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- | --- |
| United States District Court Southern District of New York 40 Foley Square New York, NY, 10007 | Gary M. Klinger Milberg Coleman Phillips Grossman, PLLC 227 W. Monroe Street, Suite 2100 Chicago, IL 60606 | Kenneth L. Chernof Arnold & Porter Kaye Scholer LLP 601 Massachusetts Avenue, NW Washington, D.C., 2001-3743 |

Your objection must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

You will not be excluded from the Settlement by filing an objection. If you have submitted a request for exclusion from the Settlement, you cannot file an objection.

Any attorney you may hire for the purpose of making an objection must file his or her entry of appearance on or before [•].  The entry of appearance shall be filed with the Clerk of the Court with a copy served upon Class Counsel

6

and Defendants' Counsel in accordance with the Local Rules of United State District Court for the Southern District of New York.

If you do not comply with these procedures and the deadline for objections, you may lose any opportunity to have your objection considered at the Final Approval Hearing or otherwise to contest the approval of the Settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed settlement. You will still be eligible to receive settlement benefits if the Settlement becomes final even if you object to the Settlement.

## THE LAWYERS REPRESENTING YOU

| **13. Do I have a lawyer in this case?** |
| --- |

For purposes of this settlement, the Class Representative and the Settlement Class are both represented by Class Counsel. Class Counsel is comprised of Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., and Gibbs Law Group LLP.

You will not be personally charged for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14. Is there a release or waiver of claims?** |
| --- |

Yes. Unless you affirmatively exclude yourself, you will agree to the "Release" of claims as described in Section 6 of the Settlement Agreement. That means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or other Released Entities for any of the Released Claims. It also means that the Court's orders will apply to you and legally bind you. You may view the Settlement Agreement for the full language of the claims you will give up if you remain in the Settlement by requesting a copy from the Claims Administrator or viewing it online at www.settlementwebsite.com]. If you have any questions about the Release, you may contact Class Counsel at no charge to you.

## THE COURT'S FINAL FAIRNESS HEARING

| **15. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court has already granted preliminary approval of the Settlement. The Court will hold a Final Fairness Hearing on [•] at [•], in [Courtroom #] of the United States District Court for the Southern District of New York courthouse, located at 40 Foley Square, New York, NY, 10007. The Final Fairness Hearing may be continued to a future date without further notice. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider and rule on them. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Settlement Class Members will receive no benefits from the Settlement. Plaintiff, Defendants, and all of the Settlement ClassMembers will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (subject to approval or otherwise), and the Plaintiff and Defendants will continue to litigate the case. There can be no assurance that if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

| **16.  Do I have to come to the hearing?** |
|---|

No.  Class Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you may come to Court to talk about it.  You may also pay your own lawyer to attend, if you so choose.

## GETTING MORE INFORMATION

| **17.  Are more details available?** |
|---|

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can obtain a copy of the Settlement Agreement at [www.settlementwebsite.com], request a copy via email to [EMAIL ACCOUNT], or call the Claims Administrator toll-free at [1-XXX-XXX-XXXX].  You may also contact Class Counsel with any questions about the proposed Settlement.

**Please do not contact the Court Clerk, the Judge, Defendants' Counsel, or Defendants; they are not in a position to give you any advice about the Settlement.**

## DEADLINE SUMMARY

| **18.  What are the important deadlines?** |
|---|

The following are the important dates and deadlines under the proposed Settlement:

Last Day to Submit Request for Exclusion:     [entry of the Preliminary Approval Order + 90 Days]
Last Day to File and Serve Objections:     [entry of the Preliminary Approval Order + 90 Days]
Last Day to File a Claim Form:     [entry of the Preliminary Approval Order + 120 Days]
Final Fairness Hearing:     [•]

# **EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GE/CBPS DATA BREACH LITIGATION | Case No. 1:20-cv-02903-KPF |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING**
**SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE,**
**APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

WHEREAS, a class action is pending before the Court entitled *In Re: GE/CBPS Data Breach Litigation*, No. 1:20-cv-02903-KPF (the "Action"); and

WHEREAS, Plaintiff Steven Fowler ("Plaintiff") and Defendants Canon Business Process Services, Inc. ("Canon") and General Electric Company ("GE," and collectively with Canon, "Defendants") have entered into a settlement agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having reviewed and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal

of the Action with prejudice, and the Court having reviewed and considered the Settlement

Agreement and all prior proceedings in the Action, hereby preliminarily approves the Settlement

Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this

Order.

3.      This Court finds that it has jurisdiction over the subject matter of this Action and

over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement

Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the

best interests of the Settlement Class as set forth below. The Court further finds that the

Settlement Agreement substantially fulfills the purposes and objectives of the class action, and

provides fair and adequate relief to the Settlement Class without the risks, burdens, costs, or

delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the

Settlement Agreement (a) is the result of arm's-length negotiations between experienced class

action attorneys; (b) is sufficient to warrant that notice of the settlement and the Final Approval

Hearing be disseminated to the Settlement Class; (c) meets all applicable requirements of law,

including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28

U.S.C. § 1715; and (d) is not a finding or admission of liability by either or both  Defendants or

any other person, nor a finding of the validity of any claims asserted in the Action or of any

wrongdoing or any violation of law.

**<u>Final Approval Hearing</u>**

5.      The Final Approval Hearing shall be held before this Court on

_____, at _____ __. [*suggested date of more than 120 days after entry of this Order*]

at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York to

determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of a service award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6. Class Counsel shall file papers in support of their Fee Award and Class Representative's Service Award (collectively, the "Fee Petition") with the Court on or before _____ [*suggested date of 76 days after entry of this Order, (i.e., 14 days before the Objection/Exclusion Deadline)*.]  Defendants may, but are not required to, file a response to Class Counsel's Fee Petition with the Court on or before _____ [*suggested date of 21 days after Class Counsel files the Fee Petition.*]  Class Counsel may file a reply in support of their Fee Petition with the Court on or before _____ [*suggested date of 10 days after Defendants file the response to Class Counsel's Fee Petition.*]

7. Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before _____ [*suggested date of 14 days before Final Approval hearing.*]

**Certification of the Settlement Class**

8. For purposes of settlement only: (a) Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., and Gibbs Law Group LLP are appointed Class Counsel for the Settlement Class (defined below); and (b) Steven Fowler is named Class Representative.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of

Class Counsel and that Plaintiff Fowler will adequately protect the interests of the Settlement Class defined below.

9.      For purposes of settlement only, the Court conditionally certifies the following class pursuant to the Federal Rule of Civil Procedure 23(a) and (b)(3) (the "Settlement Class"):

> The 10,392 individuals identified on the Settlement Class List to whom GE sent letters, on or about March 20, 2020, notifying those individuals that information relating to them may have been compromised as a result of the Data Incident announced by the Defendants in March of 2020.

10.     Excluded from the Settlement Class are  (i) officers and directors of the Defendants and/or the Related Entities; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judicial officer assigned to this case, including their staff members and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

11.     The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

12.     If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification for settlement purposes only shall be vacated, and the Class Representative will once again bear the burden of establishing the propriety of class certification.  In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

13.     The Court approves, as to form, content, and distribution, the notice(s) outlined in the Notice Plan set forth in Section 3.2 of the Settlement Agreement (the "Notice"), including all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits C and E thereto (the "Notice Forms").  The Notice Plan shall be commenced by _____ [*suggested date of 30 days after entry of this Order, in accordance with § 3.2(d) of the Settlement Agreement*] as outlined in Section 3.2 of the Settlement Agreement.  The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure.  The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.  In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.  The Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways that

are appropriate to update those documents for purposes of accuracy or formatting.

14.     The Court approves the request for the appointment of RG/2 Claims Administration LLC as Settlement Administrator of the Settlement Agreement.

15.     Pursuant to Section 3.2 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice Forms on the Settlement Website and to send direct notice via U.S. Mail, in accordance with the Notice Plan called for by the Settlement Agreement.  The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

16.     At least fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on Defendants a verification of compliance with the Notice Plan.

**Requests for Exclusion from Class**

17.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class.  Any such person may opt-out or object up to 60 days from the date on which the notice program commences (the "Opt-Out Date"), consistent with exclusion procedures set forth in Section 4 of the Settlement Agreement and described in the notice.  Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

18.     Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must mail a written notice of such intent to the designated Post Office box established by the Claims Administrator as detailed in the Settlement Agreement and the Notice Forms and be postmarked no later than the Opt-Out Date.  The request for exclusion must comply with the exclusion procedures set forth in Section 4.1 of Settlement Agreement and

notice and include the Settlement Class member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement.  Each request for exclusion must be submitted individually.  So called "mass" or "class" opt-outs shall not be allowed.

19.     Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims.  However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Appearances and Objections**

20.     At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

21.     Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in its Fee Petition, or to the award to the Class Representative as set forth in the Fee Petition.  At least fourteen (14) days prior to the Opt-Out Date and Objection Date, papers supporting the Fee Petition shall be filed with the Court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their

own expense.

22.     To object, members of the Class must sign and file a written objection no later than 60 days from the date the notice program commences (the "Objection Date").  To be valid, the objection must comply with the objection procedures set forth in Section 5.1 of the Settlement Agreement and notice.  Specifically, the objection must state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. Class Counsel and Defendants' Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

23.     Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and

conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of a service award to the Class Representative.

24.     To be valid, objections by persons represented by counsel must be filed electronically on the docket.  Pro se objectors may mail their objects to the Court, Honorable Kahterine Polk Failla, 40 Foley Square, New York, New York 10007, with a copy also sent to Class Counsel at Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street, Suite 2100, Chicago, Illinois 60606; and counsel for the Defendants, Kenneth L. Chernof, Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Avenue, NW, Washington, D.C., 2001-3743.

**Further Matters**

25.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

26.     Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.  The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

28.     Any Settlement Class Member who does not timely and validly request exclusion from the Class pursuant to Paragraphs 17-19 hereto: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendants and the other Released Parties, as more fully described in the Settlement Agreement.

29.     Pursuant to this Order:

a.     The Notice Plan shall be commenced by _____ [*suggested date of 30 days after entry of this Order, in accordance with § 3.2(d) of the Settlement Agreement*] as outlined in Section 3.2 of the Settlement Agreement;

b.     Class Counsel shall file papers in support of their Fee Award and Class Representative's Incentive Award (collectively, the "Fee Petition") with the Court on or before _____ [*suggested date of 72 days after entry of this Order, (i.e., 14 days before the Opt-Out Date and Objection Date).*] Defendants may, but are not required to, file a response to Class Counsel's Fee Petition with the Court on or before _____ [*suggested date of 21 days after Class Counsel files the Fee Petition.*] Class Counsel may file a reply in support of their Fee Petition with the Court on or before _____

[*suggested date of 10 days after Defendants file the response to Class Counsel's Fee Petition.*];

c.  Objections shall be filed in accordance with Paragraph 21 of this Order on or before _____ [*suggested date of 90 days after entry of this Order.*];

d.  Requests for Exclusion shall be submitted in accordance with Paragraph 17 of this Order on or before _____ [*suggested date of 90 days after entry of this Order.*];

e.  Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before _____ [*suggested date of 14 days before Final Approval hearing.*]**;**

f.   The Final Approval Hearing shall be held before this Court on _____, at _____ __. [*suggested date of more than 120  days after entry of this Order*] at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

IT IS SO ORDERED, this _____ day of _____, 2022.


_____
The Honorable Katherine Polk Failla
United States District Judge

# **EXHIBIT E**

[GE/Canon Settlement]
c/o RG2 Claims Administration
P.O. Box 59479
Philadelphia, PA 19102-9479



LEGAL NOTICE BY ORDER
OF THE DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

&lt;MAILER ID&gt;
&lt;NAME&gt;
&lt;ADDRESS 1&gt;
&lt;ADDRESS 2&gt;
&lt;CITY, STATE ZIP&gt;

*A court authorized this Notice. This is not a solicitation from a lawyer.*

**If General Electric Company notified you in March of 2020 of a Data Incident, you could get benefits from a class action settlement.**

This Notice contains information about a proposed class action settlement with General Electric Company ("GE") and Canon Business Process Services, Inc. ("Canon" and collectively with GE, "Defendants"). More information can be found at [www.settlementwebsite.com] or by calling toll-free at [1-XXX-XXX-XXXX], or email at [EMAIL ACCOUNT]. Your rights may be affected whether you act or don't act.

**What is this Notice for?** This Notice is being sent to inform you that a settlement has been reached in the lawsuit *In re GE/CBPS Data Breach Litigation*, Case No. 1:20-cv-02903-KPF, pending in the United States District Court for the Southern District of New York. The lawsuit arises out of a third party's unauthorized access of a dedicated Canon email box containing benefits-related information of certain current and former GE employees (the "Data Incident"). Defendants deny any wrongdoing and liability in connection with the allegations in the lawsuit. This class settlement has been preliminarily approved pursuant to Federal Rule of Civil Procedure 23.

**Who is included?** Class Members include all individuals to whom GE sent letters in March 2020, notifying those individuals of the Data Incident. Excluded from the Settlement Class are all those persons who submit timely and valid requests for exclusion from the Settlement Class.

**What are my options?** You can file a claim to receive Settlement benefits, do nothing and stay in the case, exclude yourself, or object to the Settlement. If you do not exclude yourself, and the Court approves the Settlement, you will be bound by the Court's orders and judgments, even if you do not file a claim.

**What can I get?** Under the proposed Settlement:

**(1) Reimbursement**:  Settlement Class Members who submit a Valid Claim postmarked by [entry of the Preliminary Approval Order + 120 Days], are entitled to a cash payment for up to four hours of lost time related to the Data Incident (calculated at $18 per hour) and/or out-of-pocket documented expenses or monetary loss (up to $3,500 per Class Member) as outlined in the Settlement Agreement (available on the settlement website, at [[www.settlementwebsite.com]]).

**(2) Credit Monitoring**: As outlined in the Settlement Agreement, Settlement Class Members are eligible to receive eighteen months of credit monitoring by accessing the settlement website link, using the login and password below**.**

**How do I file a claim?** You will be considered a member of the Settlement Class unless you timely opt-out. Class Members may submit a claim online using the login and password below at [www.settlementwebsite.com] or via mail to the [GE/Canon Settlement; ADDRESS].

 **Login:** XXXX **Password:** YYYY

**What happens next?** The Court will hold a Final Fairness Hearing on [•] to decide whether the Settlement is fair, reasonable, and adequate. You or (at your own cost) your attorney may ask permission to speak at the hearing.

**How do I get more information?** If you wish to file a claim, object, or exclude yourself from the Settlement, you must follow the procedures outlined on the Settlement Website.

*Carefully separate this Address-Change Form at the perforation. Only complete to provide the administrator an updated address.*

☐ *Check here if you are requesting a claim form by mail*

*Name:* _____

*Current Address:* _____

_____

_____

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO. 1234    ALEXANDRIA, VA

POSTAGE WILL BE PAID BY ADDRESSEE

[GE/Canon Settlement]
c/o RG2 Claims Administration
P.O. Box 59479
Philadelphia, PA 19102-9479