**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: GE/CBPS DATA BREACH LITIGATION | Case No. 1:20-cv-02903-KPF |

**ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING**
**SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE,**
**APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

WHEREAS, a class action is pending before the Court entitled *In Re: GE/CBPS Data Breach Litigation*, No. 1:20-cv-02903-KPF (the "Action"); and

WHEREAS, Plaintiff Steven Fowler ("Plaintiff") and Defendants Canon Business Process Services, Inc. ("Canon") and General Electric Company ("GE," and collectively with Canon, "Defendants") have entered into a settlement agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having reviewed and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal

of the Action with prejudice, and the Court having reviewed and considered the Settlement Agreement and all prior proceedings in the Action, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class as set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides fair and adequate relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant that notice of the settlement and the Final Approval Hearing be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by either or both  Defendants or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5.      The Final Approval Hearing shall be held before this Court on **February 22, 2023**, at **3:00 p.m.** at Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York to determine (a) whether the proposed settlement of the

Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of a service award to the Class Representative.  The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6.      Class Counsel shall file papers in support of their Fee Award and Class Representative's Service Award (collectively, the "Fee Petition") with the Court on or before **November 8, 2022**.  Defendants may, but are not required to, file a response to Class Counsel's Fee Petition with the Court on or before **November 29, 2022**.  Class Counsel may file a reply in support of their Fee Petition with the Court on or before **December 9, 2022**.

7.      Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before **February 8, 2023.**

**Certification of the Settlement Class**

8.      For purposes of settlement only: (a) Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., and Gibbs Law Group LLP are appointed Class Counsel for the Settlement Class (defined below); and (b) Steven Fowler is named Class Representative.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Fowler will adequately protect the interests of the Settlement Class defined below.

9.      For purposes of settlement only, the Court conditionally certifies the following class pursuant to the Federal Rule of Civil Procedure 23(a) and (b)(3) (the "Settlement Class"):

> The 10,392 individuals identified on the Settlement Class List to whom GE sent letters, on or about March 20, 2020, notifying those individuals that

information relating to them may have been compromised as a result of the Data Incident announced by the Defendants in March of 2020.

10.    Excluded from the Settlement Class are  (i) officers and directors of the Defendants and/or the Related Entities; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judicial officer assigned to this case, including their staff members and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

11.    The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

12.    If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification for settlement purposes only shall be vacated, and the Class Representative will once again bear the burden of establishing the propriety of class certification.  In such case, neither the certification of the Settlement Class for

settlement purposes, nor any other act relating to the negotiation or execution of the Settlement

Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

13.     The Court approves, as to form, content, and distribution, the notice(s) outlined in

the Notice Plan set forth in Section 3.2 of the Settlement Agreement (the "Notice"), including all

forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B,

C, and D thereto (the "Notice Forms").  The Notice Plan shall be commenced by **September 23,**

**2022,** as outlined in Section 3.2 of the Settlement Agreement.  The Court finds that such Notice

is the best notice practicable under the circumstances, and that the Notice complies fully with the

requirements of the Federal Rules of Civil Procedure.  The Court also finds that the Notice

constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the

requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to,

under all circumstances, reasonably apprise members of the Settlement Class of the pendency of

this action, the terms of the Settlement Agreement, and the right to object to the settlement and to

exclude themselves from the Settlement Class.  In addition, the Court finds that no notice other

than that specifically identified in the Settlement Agreement is necessary in this Action.  The

Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways that

are appropriate to update those documents for purposes of accuracy or formatting.

14.     The Court approves the request for the appointment of RG/2 Claims

Administration LLC as Settlement Administrator of the Settlement Agreement.

15.     Pursuant to Section 3.2 of the Settlement Agreement, the Settlement

Administrator is directed to publish the Notice Forms on the Settlement Website and to send

direct notice via U.S. Mail, in accordance with the Notice Plan called for by the Settlement

Agreement.  The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

16.    At least fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on Defendants a verification of compliance with the Notice Plan.

**Requests for Exclusion from Class**

17.    Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class.  Any such person may opt-out or object up to 60 days from the date on which the notice program commences (the "Opt-Out Date"), consistent with exclusion procedures set forth in Section 4 of the Settlement Agreement and described in the notice.  Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

18.    Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must mail a written notice of such intent to the designated Post Office box established by the Claims Administrator as detailed in the Settlement Agreement and the Notice Forms and be postmarked no later than the Opt-Out Date.  The request for exclusion must comply with the exclusion procedures set forth in Section 4.1 of Settlement Agreement and notice and include the Settlement Class member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement.  Each request for exclusion must be submitted individually.  So called "mass" or "class" opt-outs shall not be allowed.

19.    Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims.  However, members of the Settlement

6

Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

### Appearances and Objections

20.     At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

21.     Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in its Fee Petition, or to the award to the Class Representative as set forth in the Fee Petition.  At least fourteen (14) days prior to the Opt-Out Date and Objection Date, papers supporting the Fee Petition shall be filed with the Court and posted to the settlement website.  Members of the Class may object on their own, or may do so through separate counsel at their own expense.

22.     To object, members of the Class must sign and file a written objection no later than 60 days from the date the notice program commences (the "Objection Date").  To be valid, the objection must comply with the objection procedures set forth in Section 5.1 of the Settlement Agreement and notice.  Specifically, the objection must state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the

7

objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. Class Counsel and Defendants' Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

23.     Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of a service award to the Class Representative.

24.     To be valid, objections by persons represented by counsel must be filed

electronically on the docket.  Pro se objectors may mail their objects to the Court, Honorable

Kahterine Polk Failla, 40 Foley Square, New York, New York 10007, with a copy also sent to

Class Counsel at Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street,

Suite 2100, Chicago, Illinois 60606; and counsel for the Defendants, Kenneth L. Chernof,

Arnold & Porter Kaye Scholer LLP, 601 Massachusetts Avenue, NW, Washington, D.C., 2001-

3743.

**Further Matters**

25.     All further proceedings in the Action are ordered stayed until Final Judgment or

termination of the Settlement Agreement, whichever occurs earlier, except for those matters

necessary to obtain and/or effectuate final approval of the Settlement Agreement.

26.     Members of the Settlement Class shall be bound by all determinations and

judgments concerning the Settlement Agreement and Final Approval of same, whether favorable

or unfavorable.

27.     The Court retains jurisdiction to consider all further applications arising out of or

connected with the proposed Settlement Agreement.  The Court may approve the Settlement

Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without

further notice to the Class.

28.     Any Settlement Class Member who does not timely and validly request exclusion

from the Class pursuant to Paragraphs 17-19 hereto: (a) shall be bound by the provisions of the

Settlement Agreement and all proceedings, determinations, orders and judgments in the Action

relating thereto, including, without limitation, the Final Judgment, and the Releases provided for

therein, whether favorable or unfavorable to the Class; and (b) shall forever be barred and

enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or

intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendants and the other Released Parties, as more fully described in the Settlement Agreement.

29.     Pursuant to this Order:

    a.  The Notice Plan shall be commenced by **September 23, 2022,** as outlined in Section 3.2 of the Settlement Agreement;

    b.  Class Counsel shall file papers in support of their Fee Award and Class Representative's Incentive Award (collectively, the "Fee Petition") with the Court on or before **November 8, 2022.** Defendants may, but are not required to, file a response to Class Counsel's Fee Petition with the Court on or before **November 29, 2022.** Class Counsel may file a reply in support of their Fee Petition with the Court on or before **December 9, 2022**;

    c.  Objections shall be filed in accordance with Paragraph 21 of this Order on or before **November 22, 2022**;

    d.  Requests for Exclusion shall be submitted in accordance with Paragraph 17 of this Order on or before **November 22, 2022**;

    e.  Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before **February 8, 2023;**

    f.   The Final Approval Hearing shall be held before this Court on **February 22, 2023**, at **3:00 p.m.** at Courtroom 618 of the Thurgood Marshall United States

10

Courthouse, 40 Foley Square, New York, New York.

IT IS SO ORDERED, this 24th day of August, 2022.

_____
The Honorable Katherine Polk Failla
United States District Judge

11