UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GE/CBPS DATA BREACH LITIGATION | Case No. 20 Civ. 2903 (KPF) |

**FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court entitled *In Re: GE/CBPS Data Breach Litigation*, No. 1:20-cv-02903-KPF (the "Action"); and

WHEREAS, Plaintiff Steven Fowler and Defendants Canon Business Process Services, Inc. ("Canon") and General Electric Company ("GE," and collectively with Canon, "Defendants") have entered into a settlement agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"); and

WHEREAS, on August 24, 2022, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a class pursuant to Fed. R. Civ. P. 23(b)(3) of "the 10,392 of individuals identified on the Settlement Class List to whom GE sent letters, on or about March 20, 2020, notifying those individuals that information relating to them may have been compromised as a result of the Data Incident announced by the Defendants in March of 2020"; and

WHEREAS, the Court has considered the Parties' Settlement Agreement, as well as Plaintiff's Motion for Final Approval of the Settlement Agreement, Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Service Award, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing

1

held on February 22, 2023, and the record in the Action, and good cause appearing; IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

    1.    Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Settlement Agreement.

    2.    This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

    3.    The Settlement Agreement does not constitute an admission of liability by either or both Defendants, and the Court expressly does not make any findings of liability or wrongdoing by any or both Defendants.

    4.    The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval – including (i) direct notice to the Settlement Class via U.S. mail, based on the comprehensive Settlement Class List provided by Defendants, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

    5.    __No__ individuals, whose names are __N/A__, have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

    6.    The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Further, more than ninety (90) days have elapsed since Defendants provided notice pursuant to CAFA and the Final Approval Hearing.

    7.    This Court now gives final approval to the Settlement Agreement, and finds that

the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses that have been and/or would be asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arms'-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

8.     The Court has specifically considered the factors relevant to class action settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *see also* Fed. R. Civ. P. 23(e).

9.     The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

10. Accordingly, the Settlement is hereby finally approved in all respects.

11. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

12. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

13. Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations release claims against Defendants and all Released Entities, as defined in the Settlement as follows:

> any and all past, present, and future claims and causes of action including, but not limited to, any individual or class-wide causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including, but not limited to, 15 U.S.C. §§ 45, et seq., and all similar statutes in effect in any states in the United States; negligence; negligence per se; breach of contract; breach of implied contract; violation of the Florida Deceptive and Unfair Trade Practices Act; violation of the New York General Business Law § 349 and all similar state consumer protection statutes; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligence, or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages,

statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Entities based on, relating to, concerning or arising out of the Data Incident or the allegations arising out of the same nucleus of operative facts as the claims asserted in the Action, including but not limited to the transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Entities to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

14. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Released Entities. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

15. The Court has also considered Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Service Award, as well as the supporting memorandum of law and declarations, and adjudges that the payment of attorneys' fees, costs, and expenses in the amount of **$321,179.52** is reasonable in light of the multi-factor test used to evaluate fee awards in the Second Circuit. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for a service award to the Class Representative, Steven Fowler. The Court adjudges that the payment of a service award in the amount of $ __1,500__ to Mr. Fowler to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17. As outlined in the Settlement Agreement, all payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall be void. In the event a check becomes void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, the Defendants shall have no obligation to make payments to the Settlement Class Member for expense and reimbursement under ¶ 2.1 or any other type of monetary relief.

18. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19. The matter is hereby dismissed with prejudice and without costs except that, without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court will retain jurisdiction over all matters relating to administration, consummation,

enforcement, and interpretation of the Settlement Agreement.

20. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED.

Dated:    March 28, 2023
              New York, New York

_____
Honorable Katherine Polk Failla
United States District Judge